NOSTRAND POULTRY MARKET, Inc., v. UNITED STATES et al.

Civil Action No. 3889.

District Court, E. D. New York,
Feb. 27, 1945.

Jay Cohen, of New York City, for plaintiff.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., J. Stephen Doyle, Jr., Sp. Asst. to Atty. Gen., and John J. Curry, Sr. Atty., Department of Agriculture of Falls Church, Va., of counsel), for defendants.

Before LEARNED HAND, Circuit Judge, and GALSTON and BYERS, District Judges.

PER CURIAM.

This is a defendants' motion for summary judgment of dismissal pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff corporation buys live poultry at the City Market in the Borough of Queens, which it slaughters on its own premises 2256 Nostrand Avenue, in the Borough of Brooklyn, and there sells to consumers and local retail butcher shops; it is duly licensed to conduct its business by the Departments of Markets, and of Health, of the City of New York.

The plaintiff applied under date of October 4, 1942, to the United States Department of Agriculture for a license to conduct business "in connection with the marketing of live poultry in interstate and/or foreign commerce as provided for in section 502(b) of the Packers and Stock-yards Act of 1921 as amended August 14, 1935 (Public number 272, 74th Congress)," Title 7 U.S.C.A. §§ 218a, 218b, 218c, 218d.

Such proceedings, including two hearings, were had in connection with that application, that on April 25, 1944, an order was signed by the Assistant to the War Food Administrator (for present purposes the alter ego of the Secretary of Agriculture), denying the said application.

Seeking to avoid prosecution for a violation of the Act, for pursuing its calling without the requested license, the plaintiff brought this action, invoking that portion of the applicable statute which says: "* * * the provisions of all laws relating to the suspending or restraining the enforcement, operation, or execution of, or the setting aside in whole or in part the orders of the Interstate Commerce Commission, are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions of sections 201 to 217 inclusive, of this chapter, and to any person subject to the provisions of sections 201 to 217, inclusive, of this chapter". Title 7 U.S.C.A. § 217.

The plaintiff seeks an injunction against the enforcement of the said order refusing to grant the license, and as to the Attorney General, that he be restrained from instituting any action or proceeding to enforce the punitive provision of the said statute.

Judgment is sought, declaring the 1935 amendment to the Packers and Stockyards Act of 1921 to be unconstitutional; or in the alternative that it be held inapplicable to the plaintiff because its transactions are said to be wholly intrastate; or if either of the foregoing fails, that the said order be set aside because of its alleged arbitrary and capricious character, and failure to find support in the evidence adduced before the Secretary, and because the latter is said to have exceeded his authority in making the said order.

The answer presents no issue of fact, since the denials are addressed solely to argumentative allegations appearing in the complaint, and the supplementary affidavits filed by both parties pertain to the character of the transactions conducted at the City Market in Long Island City, where the plaintiff purchases poultry. For reasons to be stated, that aspect of the litigation does not require the taking of testimony, and the controversy has now

assumed appropriate guise for disposition in response to the defendants' motion for summary judgment. Since there are no issues of fact to be resolved, we deem findings to be unnecessary.

Though this court convened pursuant to the provisions of the Urgent Deficiencies Act of 1913, Title 28 U.S.C.A. § 380a, whether the denial of the license of which the plaintiff complains is reviewable by a "three judge court" is not free from doubt. Rochester Telephone Corporation v. United States et al., 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147. It could be argued that the "order" was in fact not an order, and therefore not reviewable by a "three judge court". Shannahan v. United States, 303 U.S. 596, 58 S.Ct. 732, 82 L.Ed. 1039. See also United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263. However, we resolve that doubt in favor of the plaintiff and say in passing that if it is later held that the issues presented ought to have been determined by a district judge of this court instead of a "three judge court", then each of the district judges sitting as members of this court would decide the case as hereinafter stated.

We proceed to adjudication as a three judge court constituted pursuant to the statute to which reference has been made, in deference to the decision in Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563, in which the opinion of the court states (316 U.S. at page 415, 62 S.Ct. at page 1199): "A proceeding to set aside an order of the Commission (Interstate Commerce Commission) under § 402(a) [47 U.S.C.A. § 402 (a)] and the Urgent Deficiencies Act [28 U.S.C.A. § 47] is a plenary suit in equity."

The challenge to the constitutionality of the Packers and Stockyards Act, as amended, is disposed of by the decision of Stafford v. Wallace, 258 U.S. 495, 42 S.Ct. 397, 66 L.Ed. 735, 23 A.L.R. 229, decided before the adoption of the 1935 extension to cover the live poultry industry, since no new legislative principle was thereby introduced.

The issue was not raised in the case of Acker v. United States, 298 U.S. 426, 56 S.Ct. 824, 80 L.Ed. 1257, but that decision could not have been made unless the court had assumed that the question of constitutionality was no longer open.

So much of the plaintiff's case as is based upon the assertion that it is not engaged in interstate commerce encounters the formidable obstacle of its own recital contained in the application for the license, which has been quoted. It was in the garb of a corporation engaged in interstate commerce that the plaintiff presented itself to the Secretary of Agriculture, and it is in part because he made an order denying the application, that the plaintiff is here at all; the court must deal with the plaintiff in the character which it has voluntarily assumed, because not otherwise can the regularity of the proceedings be examined. If the plaintiff were to succeed in its assertion that the order complained of was arbitrary and capricious and not based upon the evidence, the effect would be that this court would hold that the plaintiff is entitled to a license, being engaged in interstate commerce.

The allegation in paragraph 6 of the complaint, to the effect that the plaintiff applied for the license in terrorem, has not been overlooked. If that were accepted arguendo, it would not avoid the legal or the logical limitations of the present litigation. This court is asked to accord to the plaintiff redress under the statute which the plaintiff itself invoked, first in making its application, and again in seeking a judicial review of an unfavorable order which could have been granted only within that statutory framework. Whether or not the plaintiff was well advised in seeking to obtain the license, this court can deal with the situation only as it exists, namely, that the plaintiff asserts that it is engaged in interstate commerce, and conceives itself to have been injured by the refusal of competent authority to grant it a license not otherwise appropriate.

Since we are constrained to deal with the plaintiff as we find it, we forbear to announce whether, apart from the limitations inherent in this cause, it would be appropriate to base a decision upon the broad question of whether the plaintiff is shown to be transacting interstate business.

Among the decisions which we should be required to consult on that question are Live Poultry Dealers Protective Association v. United States, 2 Cir., 4 F.2d 840, Greater New York Live Poultry Chamber of Commerce v. United States, 2 Cir., 47 F.2d 156, and Local 167 v. United

States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804. It would be logical to say that they point the way to a proper decision of that question, in spite of the absence here of any combination in restraint of trade; if there is a legal distinction to be drawn by reason thereof, as the plaintiff argues, we are of the view that it may be the more completely examined in the presence of precise and adequate factual data in a proceeding to enforce the penalty clause of section 218c of the statute, than have been assembled in this record. We do not intend by this decision to foreclose the issue in such a prosecution, of the plaintiff's participation in interstate commerce.

■ Turning now to the proceedings leading to the denial of the plaintiff's application for a license, the complete record of which is before the court by way of exhibits, no difficulty is encountered in holding that the order is not open to successful attack on the merits. It clearly appears that this plaintiff is but a new corporate guise adopted by the same individuals who had previously operated the F. B. Midwood Live Poultry Corporation which had obtained such a license as this plaintiff has unsuccessfully sought, and after operating under it for a period of time suffered the revocation thereof pursuant to appropriate action taken by the Secretary of Agriculture in the performance of his statutory duties. No effort was made to review that order of revocation, and its consequences were merely sought to be evaded through the device of organizing the plaintiff corporation.

■ It is required therefore that this cause be determined upon the understanding that the issues resolved in the revocation of the Midwood license are not now open to reexamination.

The denial of the plaintiff's application for a license was broadly predicated upon the showing that the responsible corporate officers of the Midwood Company had merely carried on their former enterprise, although they organized the plaintiff, a new corporation, for that purpose, and thus sought to circumvent the order of the Secretary of Agriculture revoking the earlier license. Such a device did not find favor with the licensing authorities, nor does it with this court.

It results from the foregoing that the motion of the defendants for summary judgment dismissing the complaint must be granted, and it is so ordered.

L. HAND, Circuit Judge (concurring).

I concur in all that my brothers say, except that the cases which they last cite seem to me to show that the plaintiff is within the Act. That being so, it becomes unnecessary to say whether by applying for a license, the plaintiff lost the right in this action to challenge the applicability of the Act, a question about which I express no opinion.